IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMELL A. MURPHY,
B63752,

    Plaintiff,

vs.

No. 3:17-cv-01154-DRH

JOHN BALDWIN,
JACQUILINE LASHBROOK,
L.T. DAVID MITCHELL,
C/O OFFICER PORTER, and
C/O OFFICER JOHN DOE,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This matter is before the Court to address the request for preliminary injunction included in Plaintiff's Complaint. (Doc. 6, p. 7).

Plaintiff Jamell A. Murphy, an inmate currently housed at Stateville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to constitutional violations that allegedly occurred while he was housed at Menard Correctional Center ("Menard"). According to the Complaint, on June 16, 2017, Plaintiff was the victim of excessive force. Plaintiff claims that at 10:00 a.m. "West House Menard Eight Gallery Officer Web called gym line." (Doc. 6, p. 3). At around 10:45 a.m., inmates in the west cell house (galleries 8 and 5) were ordered to leave and exit the gym due to a separate

incident. *Id.* When 8 gallery was exiting the gym (but while Plaintiff was still inside the gym doors), there was another altercation between inmates and staff. *Id.* Plaintiff heard Porter say, "Y'all keep acting up, I'm gonna stomp one of you nigger's brains out." *Id.* At that point, warning shots were fired from two gun towers. (Doc. 6, p. 4). All inmates were then ordered to get on the ground. *Id.* Plaintiff contends that while on the ground, handcuffed, and not resisting, he was assaulted by John Doe, Porter, and/or Mitchell. *Id.*

Plaintiff claims that video footage from "the towers etc." will support his claims. *Id.* Plaintiff also contends that he previously filed a grievance pertaining to the assault and, in that grievance, requested that officials preserve footage from the day in question. *Id.* At the close of his Complaint, Plaintiff seeks a "preliminary and permanent injunction" ordering Defendants "to preserve video footage from June 16, 2017 and to stop racially profiling and assaulting and murdering inmates with the use of excessive force." (Doc. 6, p. 7).

As to the latter request, clearly officials are not permitted to assault and murder inmates. If Plaintiff were still housed at Menard and could establish that he was in danger of being murdered or assaulted by Defendants, a preliminary injunction might be warranted. However, Plaintiff is presently at Stateville. As such, a preliminary injunction is not necessary to protect Plaintiff from officials at Menard.[1]

---

[1] To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer

Plaintiff has also requested a preliminary or permanent injunction pertaining to video surveillance from June 16, 2017. This request is more appropriately understood as a motion to preserve evidence, which, as is explained more fully below, is unnecessary.

A party has a duty to preserve evidence when he knows, or should have known, that litigation is imminent. *Trask-Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 681 (7th Cir. 2008). The scope of the duty to preserve evidence is broad, encompassing any relevant evidence that the non-preserving party knew or reasonably could foresee would be relevant to imminent or pending litigation. *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 671 (7th Cir. 1996); *Marrocco v. General Motors Corp.*, 966 F.2d 220, 223–225 (7th Cir. 1992). Thus, once the duty to preserve is triggered, the party owes a duty to preserve evidence that may be sought during discovery and should implement a plan to find and preserve relevant evidence. Finally, a party's duty to preserve information is not a passive obligation; it must be discharged actively. *See Marrocco*, 966 F.2d at 224–25.

Because Defendants already have a duty to preserve relevant evidence, the Court finds that an order requiring Defendants not to destroy evidence is unnecessary. Here, if relevant evidence is (or was) destroyed after the duty to preserve attaches (or attached), Defendants will be subject to sanctions. At this time, the Court makes no comment on when the duty to preserve was triggered (At the time of the assault? When Plaintiff filed a grievance? When Defendants

---

irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008).

received notice of the instant action?). That question can be addressed, if necessary, with a more fully developed record as the case progresses.

Nonetheless, to ensure that there is no confusion going forward and because Defendants have not yet been served in this case, the Court will provide Jacqueline Lashbrook, the current warden of Menard, with a copy of this order.

For the reasons described herein, Plaintiff's request for a preliminary injunction is **DENIED**. The Court reminds Defendants that they are under a duty to preserve relevant evidence. That duty is unquestionably triggered by the issuance of this Order. However, depending on when Defendants knew of should have known that litigation was imminent, the duty may have attached prior to issuance of this Order.

The Clerk of the Court is **DIRECTED** to mail a copy of this Memorandum and Order to Plaintiff and to the Jacqueline Lashbrook, Menard's warden.

**IT IS SO ORDERED.**

Digitally signed by Judge David R. Herndon
Date: 2017.10.26 14:37:04 -05'00'

**UNITED STATES DISTRICT JUDGE**