IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMELL A. MURPHY,
R71059,

    Plaintiff,

vs.

Case No. 17-cv-1154-DRH

JOHN BALDWIN,
JACQUELINE LASHBROOK,
L.T. DAVID MITCHELL,
C/O OFFICER PORTER, and
C/O OFFICER JOHN DOE,

    Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Plaintiff Jamell A. Murphy, an inmate currently housed at Stateville Correctional Center, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff brings allegations pertaining to an excessive force incident that allegedly occurred while he was housed at Menard Correctional Center ("Menard"). In connection with these claims, Plaintiff seeks monetary damages and declaratory relief.[1]

This case is now before the Court for a preliminary review of the Complaint (Doc. 1) pursuant to 28 U.S.C. § 1915A, which provides:

    (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or

---

[1] Plaintiff's request for a preliminary injunction was denied by the Court on October 26, 2017. (Doc. 10).

1

officer or employee of a governmental entity.
    (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
        (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
        (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

According to the Complaint, on June 16, 2017, Plaintiff was the victim of excessive force. Plaintiff claims that at 10:00 a.m. "West House Menard Eight Gallery Officer Web called gym line." (Doc. 6, p. 3). At around 10:45 a.m., inmates in the west cell house (galleries 8 and 5) were ordered to leave and exit the gym due to a separate incident. *Id.* When 8 gallery was exiting the gym (but while Plaintiff was still inside the gym doors), there was another altercation between inmates and staff. *Id.* Plaintiff heard Porter say, "Y'all keep acting up, I'm gonna

2

stomp one of you nigger's brains out." *Id.* At that point, warning shots were fired from two gun towers. (Doc. 6, p. 4). All inmates were then ordered to get on the ground and an altercation broke out next to Plaintiff. *Id.* Lieutenant Mitchel ordered Officers Porter and John Doe to handcuff Plaintiff and to make sure he kept his "fucking head down." *Id.* After Plaintiff was restrained in handcuffs, Officers John Doe and Porter stomped on his neck and face at the direction of Lieutenant Mitchell. *Id.* During the assault, Officers John Doe and Porter directed racial slurs at Plaintiff and told him to "shut the fuck up." *Id.* Plaintiff suffered injuries to his mouth, chin, and face. *Id.* Additionally, Plaintiff claims that he now suffers from blurry vision, severe migraines and post-traumatic stress disorder. *Id.* Plaintiff received medical treatment for his injuries; however, he claims the treatment provider merely documented his injuries without providing any "direct medical treatment." *Id.* Plaintiff claims that he was subsequently placed in segregation while the incident was investigated. (Doc. 1, p. 5).

He also claims that his legal paperwork was confiscated as retaliation "for the events in which he had no involvement." *Id.* Plaintiff does not allege that the confiscation of his legal materials hindered his ability to pursue any specific legal claim or associate this claim with any specific defendant.

## **Merits Review Under § 1915(A)**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into a single count. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a

3

judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Eighth Amendment excessive force claim against Defendants for assaulting Plaintiff on June 16, 2017.

The intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under § 1983. *See Wilkins v. Gaddy*, 559 U.S. 34 (2010); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). An inmate must show that an assault occurred, and that "it was carried out 'maliciously and sadistically' rather than as part of 'a good-faith effort to maintain or restore discipline.' " *Wilkins*, 559 U.S. at 40 (citing *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). The factors relevant to this determination include: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response. *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

Plaintiff has stated a plausible claim for excessive force under this standard as to Defendants Mitchell, Porter, and John Doe – the only individuals alleged to have been personally involved in the assault.

Plaintiff, however, has not stated a viable claim as to Defendants Baldwin and Lashbrook. Plaintiff does not allege that Baldwin or Lashbrook were

personally involved in the assault. Instead, it appears that he seeks to hold them liable based solely on their roles as supervisory officials. But Plaintiff cannot sue Baldwin and Lashbrook on the basis of their positions as supervisors because there is no *respondeat superior* liability under § 1983. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001) (quoting *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001)).

Accordingly, Count 1 shall receive further review as to Mitchell, Porter, and John Doe. Count 1 shall be dismissed without prejudice for failure to state a claim upon which relief can be granted as to Baldwin and Lashbrook.

## **Pending Motions**

Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* (Doc. 7) shall be addressed in a separate order of the Court. However, as it appears Plaintiff is indigent, service shall be ordered as a matter of course on all Defendants remaining in this action.

Plaintiff's Motion for Recruitment of Counsel (Doc. 7) shall be referred to a United States Magistrate Judge for disposition.

## **Identification of Unknown Defendant**

Plaintiff shall be allowed to proceed against John Doe. However, this individual must be identified with particularity before service of the Complaint can be made on him. Where a prisoner's complaint states specific allegations describing conduct of individual prison staff members sufficient to raise a constitutional claim, but the names of those defendants are not known, the

prisoner should have the opportunity to engage in limited discovery to ascertain the identity of those defendants. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009).

For that reason, Menard's current warden, Jacqueline Lashbrook, shall remain on the docket as a defendant, in her official capacity only, for the purpose of responding to discovery (informal or formal) aimed at identifying this unknown defendant. Guidelines for discovery will be set by the United States Magistrate Judge. Once the name of the unknown defendant is discovered, Plaintiff must file a motion to substitute the newly identified defendant in place of the generic designation in the case caption and throughout the Complaint.

## Disposition

**IT IS HEREBY ORDERED** that the Complaint, which includes **COUNT 1,** shall **PROCEED** against **MITCHELL, PORTER,** and **JOHN DOE. COUNT 1** is **DISMISSED** without prejudice as to **BALDWIN** and **LASHBROOK** for failure to state a claim upon which relief can be granted.

The Clerk of the Court is **DIRECTED** to terminate **BALDWIN** as a party in CM/ECF. **LASHBROOK**, however, shall remain a party, in her official capacity only, for purposes of responding to discovery aimed at identifying **JOHN DOE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **MITCHELL, PORTER, LASHBROOK,** and **JOHN DOE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the

Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on **JOHN DOE** until such time as Plaintiff has identified him by name in a properly filed motion for substitution of parties. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the names and service addresses for these individuals.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate for further pre-trial proceedings, including disposition of

Plaintiff's Motion for Recruitment of Counsel. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.29
14:47:57 -06'00'

**United States District Judge**